# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

MONTY LAMAR JAMISON,

       Defendant-Appellant.

UNPUBLISHED
October 24, 2017

No. 333990
Kent Circuit Court
LC No. 15-008063-FH

Before: MURRAY, P.J., and SAWYER and MARKEY, JJ.

SAWYER, J. (*concurring*).

I agree with the result reached by the majority, but I write separately because I do not believe that we need nor should engage in the analysis done by the majority. At most, defendant may have been entitled to withdraw his plea (which the trial court informed him of). *People v Killebrew*, 416 Mich 189, 209-210; 330 NW2d 834 (1982). But, for defendant to challenge this on appeal, he must have moved to withdraw his plea. MCR 6.310(D). Defendant did not do so. The failure to move to withdraw the plea precludes the plain-error analysis that the majority engages in. *People v Armisted*, 295 Mich App 32, 48; 822 NW2d 47 (2011).[1] Accordingly, I would merely affirm the trial court based on defendant's failure to move to withdraw his plea.

/s/ David H. Sawyer

---

[1] I recognize that the majority does rely on *Armisted* for the opposite proposition. But it relies on the wrong part of *Armisted*. On the page cited by the majority, p 46, *Armisted* merely sets out the basic plain error standard. But later, on page 48, *Armisted* makes it clear that the failure to move to withdraw a plea precludes any appellate review. See also *People v Baham*, ___ Mich App ___; ___ NW2d ___ (Docket No. 331787, issued 9/12/2017), slip op at 2.

-1-